IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,905-01 AND WR-72,905-02






EX PARTE DORAN BLACHARD BOWSIER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 09-2-8002 AND 09-2-8003 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two possession
of a controlled substance in drug free zone offenses and sentenced to 10 years' imprisonment for
each offense. He did not appeal his convictions. 

 Applicant alleges that his pleas were involuntary because the facts did not support charges
for possession of a controlled substance in a drug free zone. Specifically, Applicant alleges that he
possessed these controlled substances in Jefferson County Detention Center, which did not qualify
as a drug free zone by law. Applicant alleges that counsel "misrepresented the facts" and induced
him to plead guilty to invalid charges. He also alleges that counsel informed him if he did not accept
the plea offer for 10 years' confinement, the State would increase the offer to 25 years' confinement. 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing the following: (1) whether counsel's pre-trial
investigation showed that the facts supported charges for possession of a controlled substance in a
drug free zone; (2) whether counsel informed Applicant that accepting the plea offer for 10 years'
confinement was in his best interest, and if so, why; and, (3) whether counsel advised Applicant as
to all his options, including his right to go to trial. The trial court shall also instruct the clerk to
supplement the record with a copies of the plea papers in these causes, including the trial judge's
written admonishments, any written waivers, and Applicant's judicial confession. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary because counsel was ineffective. Specifically, the trial court shall
make finding of fact as to whether counsel's pre-trial investigation showed that the facts supported
a charge for possession of a controlled substance in a drug free zone. The trial court shall also make
findings of fact as to whether counsel informed Applicant that accepting the plea offer for 10 years'
confinement was in his best interest. The trial court shall also make findings of fact as to whether
counsel advised Applicant as to all his options, including his right to go to trial. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 18, 2009

Do not publish